A. J. P. CONTRACTING CORPORATION and 74 JACKSON CORPORATION, Plaintiffs, *v.* BROOKLYN BUILDERS SUPPLY COMPANY and Others, Defendants.

Supreme Court, Kings County, March 27, 1939.

*Bachrach, Bachrach & Bisgyer,* for the plaintiffs.
*Kissam, Murray & Hayden,* for the defendants.

STEINBRINK, J. This is a motion by the defendants Reynolds Corporation and Reynolds Metal Company, Inc., for an order dismissing the complaint on the ground that it fails to state facts sufficient to constitute a cause of action against them. For brevity, the plaintiff A. J. P. Contracting Corporation will be referred to as the builder, the plaintiff 74 Jackson Corporation as the owner, the defendant Brooklyn Builders Supply Company as the supplier, and the moving defendants as the manufacturers.

In the first cause of action the plaintiffs sue the manufacturers for negligence in the manufacture of certain building laths purchased by them from the supplier under the following circumstances, described in the complaint. Having previously purchased and used with satisfaction a paper and metal lath called Ecod lath, manufactured and represented by the manufacturers to the building trade as a " practical and satisfactory lath for building purposes and as a sufficient and superior base for plaster on walls and ceilings in building construction," the plaintiffs contracted with the supplier for an additional supply of such laths required in the construction of a building by the builder on behalf of the owner. The supplier placed the order with the manufacturers and thereafter laths made by the manufacturers were delivered to the plaintiffs. The plaintiffs, having examined the laths and having failed to discover any defect therein, installed the same in the building under construction as a base for plastering the walls and ceilings thereof. The laths so installed failed to retain the plaster, causing an imminent likelihood of falling plaster with its attendant danger. Because of the defective character of the lath the plaintiffs were compelled to remove the plaster and to purchase and install different laths at a total expense to the plaintiffs of $4,452.13.

The rule of liability " is that where a manufacturer supplies an article or preparation, for immediate use in its existing state, which is inherently dangerous, the danger not being known to the purchaser and the danger not being patent, and where notice is not given of the danger or it cannot be discovered by a reasonable inspection, the manufacturer is legally liable for personal injuries received by one who uses the same in an ordinary, expected manner." (*Genesee C. P. Fire Relief Assn.* v. *Sonneborn Sons,* 263 N. Y. 463, 468.) It seems that by the same principle a manufacturer may be liable for damage to property as well as for personal injuries. (*General C. P. Fire Relief Assn.* v. *Sonneborn Sons, supra.*)

The plaintiffs invoke the foregoing rule, asserting that laths so defectively constructed of inferior material that they will cause plaster to fall from the ceiling upon persons in the room are a danger-

ous instrumentality not discoverable by reasonable inspection. Whether a given article is a dangerous instrumentality may be a question of fact for the jury or a question of law for the court. (*MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382.)

The duty of the manufacturer for breach of which liability attaches runs only to those who suffer personal or propery injury as a result of either using or being within the vicinity of use of the dangerous instrumentality. (Restatement of the Law of Torts, § 395.) The laths described in the complaint did not cause physical harm to the person or property of the plaintiffs. The expenditure of moneys required for their replacement is not the character of harm contemplated by the rule. Since there exists no legal basis for extending the rule to include liability for damages such as are here sought it is not necessary to determine whether building lath, under the circumstances here disclosed, constitute a dangerous instrumentality as a matter of law. The motion is granted.