LUCETTE ORIGINALS, INC., Respondent, *v.* GENERAL COTTON CONVERTERS, INC., et al., Defendants, and HARODITE FINISHING Co., INC., Appellant.

First Department, May 19, 1959.

*Nathan H. Elman* of counsel (*Robert W. Adler* with him on the brief; *Ruben Schwartz,* attorney), for appellant.

*Julius Brandes* of counsel (*Philip Scharf* with him on the brief; *Jerome Edelman,* attorney), for respondent.

Stevens, J.   Defendant Harodite Finishing Co., Inc. (herein called Harodite) appeals from an order which denied its motion to dismiss the amended complaint, as to it, for insufficiency.

Plaintiff, a dress manufacturer, purchased a quantity of rayon fabric from General Cotton Converters, Inc. and Makel Textiles, Inc., the other defendant here, for use as lining in the manufacture of ladies' dresses. These fabrics, manufactured by Harodite, were used by the plaintiff in a quantity of dresses.

It is claimed that the fabrics were unfit because possessed of certain offensive odors which rendered the garments in which they were used unsalable and unusable in the normal retail market.   Plaintiff instituted action against Harodite, based on its alleged negligence in the manufacture of the fabric.   It is clearly established that where there is no privity of contract a manufacturer is not liable in negligence to an ultimate consumer for alleged defects where the article purchased is neither inherently dangerous to life when negligently made nor, in its physical character, inherently harmful to property.

" If the nature of a thing is such that it is reasonably certain to place life and limb in peril when negligently made, it is then a thing of danger.   Its nature gives warning of the consequences to be expected.   * * *   There must be knowledge of a danger, not merely possible, but probable." (*MacPherson* v. *Buick Motor Co.,* 217 N. Y. 382, 389; cf. *Genesee County Patrons Fire Relief Assn.* v. *Sonneborn Sons,* 263 N. Y. 463.) While the *MacPherson* case was an action for damages for personal injuries received, the doctrine has been extended and applied so as to allow recovery for property damage.

In *Schuylerville Wall Paper Co.* v. *American Mfg. Co.* (272 App. Div. 856), relied on by the court below in sustaining the complaint against defendant Harodite, the defendant, a manufacturing corporation, at the order of a jobber, had shipped wrapping twine direct to the plaintiff.   An oily substance or

tar on the twine caused damage to the plaintiff's rolls of paper. It was claimed that the defendant knew the purpose for which the twine would be used. In affirming an order denying the defendant's motion to dismiss the complaint, the court, in referring to the doctrine of the *MacPherson* case and its applicability, pointed out "Articles inherently dangerous to property are also included, at least where notice of a proposed use is shown." It should be noted that there was a direct independent injury caused to the plaintiff's property by reason of a physical defect or condition. That case should be distinguished, however, from *A. J. P. Contr. Corp.* v. *Brooklyn Bldrs. Supply Co.* (171 Misc. 157, affd. 258 App. Div. 747, 748) which more nearly approximates the case before us.

In the *A. J. P. Contracting Corp.* case the plaintiff, a building contractor, sued the manufacturer for negligence in the manufacture of certain building laths. The plaintiff had previously used with satisfaction the same type of laths as those out of which the present suit arose. The manufacturer represented the laths as "practical and satisfactory lath for building purposes and as a sufficient and superior base for plaster on walls and ceilings in building construction." (p. 158.) The order was not placed directly with the manufacturer but the purchase was made through a supplier. Upon delivery inspection did not reveal any defect, but when used the laths failed to retain the plaster. As a result the plaintiff was compelled to remove the laths and install different laths at substantial cost. The court, in dismissing the complaint on motion, pointed out that "[t]he laths described in the complaint did not cause physical harm to the person or property of the plaintiff. The expenditure of moneys required for their replacement is not the character of harm contemplated by the rule" (p. 159).

Similarly, since the damages sought in this case are based exclusively on the allegations that plaintiff's garments were rendered unmarketable by the offensive odor, and not that defendant's negligence resulted in physical damage to other property, we need not discuss whether the offending fabric constituted a dangerous instrumentality under the *MacPherson* doctrine.

Since the plaintiff's cause of action is grounded on negligence, absent any privity of contract, it was incumbent upon the plaintiff to set forth in its pleading a duty owed from Harodite to it, the breach of such duty, with consequent damage proximately caused by the fault of Harodite. This it has not done. It is not claimed that the fabric caused physical harm to the person or property of the plaintiff nor that, in its composition, it is

imminently dangerous to life or property. The order appealed from should be reversed on the law, the motion granted, and the amended complaint as to Harodite dismissed, with costs to the appellant.

BOTEIN, P. J., BREITEL, RABIN and McNALLY, JJ., concur.

Order unanimously reversed on the law, with $20 costs and disbursements to the appellant, the motion granted with $10 costs, the action severed as to defendant, Harodite Finishing Co., Inc., and judgment directed to be entered in favor of said defendant dismissing the amended complaint, with costs.