■ SALVATORE AMODEO, Appellant, v. AUTOCRAFT HUDSON, INC., Defendant, and AMERICAN MOTORS CORP., Respondent.— In an action by the purchaser of an automobile the complaint alleges two causes of action: (1) against the dealer, Autocraft Hudson, Inc., who sold the automobile, to recover the purchase price based on plaintiff's rescission of the contract and the return of the automobile to the dealer, due to the dealer's breach of warranty as to the automobile's fitness and merchantability; and (2) against the dealer and the manufacturer of the automobile, American Motors Corp., to recover damages of $5,000, by reason of the manufacturer's negligent and defective construction and assembly of the automobile, the dealer's failure to repay the purchase price to plaintiff, the plaintiff's expenditures for the transportation necessarily required by him in his work as a photographer, and his consequent loss of profits in connection with his work. Plaintiff appeals from an order of the Supreme Court, Kings County, dated December 3, 1959, granting the motion of the manufacturer to dismiss the complaint as to it, pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice, on the ground that as to it the complaint fails to state facts sufficient to constitute a cause of action. Order affirmed, with $10 costs and disbursements. To the ultimate consumer or user of an inherently dangerous instrumentality, the manufacturer's liability for negligence is limited to injury to person or property resulting from any accident attributable to its negligence in manufacture (A. J. P. Contracting Corp. v. Brooklyn Builders Supply Co., 171 Misc. 157, affd. 258 App. Div. 747, affd. 283 N. Y. 692; Trans World Airlines v. Curtiss-Wright Corp., 1 Misc 2d 477, affd. 2 A D 2d 666). It is our opinion that the doctrine of a manufacturer's liability based on its negligence, to a person not in privity with it, as enunciated in the MacPherson case (MacPherson v. Buick Motor Co., 217 N. Y. 382), should not be further extended. Beldock, Acting P. J., Ughetta, Christ and Pette, JJ., concur.

■ BELLACRE HOMES CORP. et al., Respondents, v. BENJAMIN KRAUT, Appellant.— In an action for specific performance of a contract for the sale of real property, brought by the sellers against the purchaser, in which the purchaser asserted counterclaims for the return of his down payment and for the foreclosure of his vendee's lien, the purchaser (defendant) appeals: (1) from an order of the Supreme Court, Nassau County, dated May 13, 1960, which denies his motion for summary judgment dismissing the amended complaint and awarding judgment to him on his counterclaims; and (2) from an order of said court, dated June 6, 1960, which grants reargument and on reargument adheres to the original decision. Order dated June 6, 1960 affirmed, with $10 costs and disbursements. No opinion. Appeal from order dated May 13, 1960 dismissed, without costs. This order was superseded by the later order granting reargument. Nolan, P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.