*United Serv. Auto. Ass'n v. Holdi,* No. 389-5-18 Cncv (Toor, J., Feb. 10, 2020).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

SUPERIOR COURT
Chittenden Unit

CIVIL DIVISION
Docket No. 389-5-18 Cncv

United Service Automobile Assoc. vs. Laporte Holdi

## ENTRY REGARDING MOTION

Count 1, Negligence (389-5-18 Cncv)
Count 2, Negligence (389-5-18 Cncv)
Count 3, Negligence (389-5-18 Cncv)
Count 4, Negligence (389-5-18 Cncv)
Count 5, Breach of Contract (389-5-18 Cncv)

Title:         Motion for Summary Judgment (Motion 4)
Filer:         Fairbanks Construction, LLC
Attorney:    Gary Michael Burt
Filed Date:  November 6, 2019


Opposition filed on 12/06/2019 by Attorney Richard P. Foote for Plaintiff United Service Automobile Assoc.;
Reply filed on 12/16/2019 by Attorney Gary Michael Burt for Defendant Fairbanks Construction;
Sur-reply filed on 12/27/2019 by Attorney Richard P. Foote for Plaintiff United Service Automobile Assoc.

This case involves a fire that destroyed a newly built home. Plaintiff United Services Automobile Association (USAA) alleges that the fire resulted from contact between insulation and the piping for the fireplace. Amended Complaint ¶¶ 10-14. USAA is the homeowner's insurer, which seeks to recover the $640,000 it paid to its insured. Defendant Fairbanks was the project manager. It seeks summary judgment, arguing that the negligence claim against it is barred by the economic loss rule.

Discussion

The economic loss rule "maintain[s] a distinction between contract and tort law by prohibit[ing] recovery in tort for purely economic losses." Walsh v. Cluba, 2015 VT 2, ¶ 27, 198 Vt. 453 (internal quotations and citation omitted). As the Court in Cluba explained:

> Negligence law does not generally recognize a duty to exercise reasonable care to avoid intangible economic loss to another unless one's conduct has inflicted some accompanying physical harm. The physical harm may be to property rather than persons, but injury to the product or property that is the subject of a contract is generally considered a disappointed economic expectation for which relief lies in contract rather than tort law.

Cluba, 2015 VT 2, ¶ 28 (internal quotation and citations omitted). Thus, "economic loss resulting from defects in the construction of a building are generally not recoverable on a claim for 'contractor's negligence.'" Cincinnati Ins. Co. v. S. Vermont Sprinkler Servs., Inc., No. 5:17-CV-254, 2019 WL 5698930, at *4 (D. Vt. July 10, 2019).

Some courts consider calamitous events—such as the fire here—to be outside the rule. *See, e.g.*, Cloud v. Kit Mfg. Co., 563 P.2d 248, 251 (Alaska 1977)(fire destroying mobile home); *see also*, 5 Bruner & O'Connor Construction Law § 17:93 (West Jan. 2020)("A number of jurisdictions which follow the economic loss rule will permit a plaintiff to maintain tort claims where the injury resulted from a 'sudden and calamitous' event."). Under such a "risk of harm" analysis, "[i]f the failure is the result of a sudden and dangerous event, it is remediable under tort principles. If no such event has occurred, the product failure is deemed economic loss." Washington Water Power Co. v. Graybar Elec. Co., 774 P.2d 1199, 1210, *amended on other grounds,* 779 P.2d 697 (Wash. 1989).

The United States Supreme Court has rejected the "calamitous event" approach in the context of product liability claims. It explained:

> [D]amage may be qualitative, occurring through gradual deterioration or internal breakage. Or it may be calamitous. Compare *Morrow v. New Moon Homes, Inc.,* 548 P.2d 279 (Alaska 1976), with *Cloud v. Kit Mfg. Co.,* 563 P.2d 248, 251 (Alaska 1977). But either way, since by definition no person

2

or other property is damaged, the resulting loss is purely economic. Even when the harm to the product itself occurs through an abrupt, accident-like event, the resulting loss due to repair costs, decreased value, and lost profits is essentially the failure of the purchaser to receive the benefit of its bargain—traditionally the core concern of contract law.

East River S.S. Corp. v. Transamerica Delaval, Inc., 476 U.S. 858, 870 (1986). Other jurisdictions have also rejected the distinction. *See, e.g.*, Secura Ins. v. Super Prod. LLC, 933 N.W.2d 161, 165 (Wis. App. 2019) ("under Wisconsin law, it is of no import that the damage was abrupt, and accidental, as the resulting loss is essentially the failure of the purchaser to receive the benefit of its bargain—traditionally the core concern of contract law.")(internal quotations and citations omitted); Those Certain Interested Underwriters, at Lloyd's, London, subscribing to Policy No. Z101663/003 v. Farley Grp., No. 1:12-CV-0707 GTS/FRT, 2015 WL 5602924, at *31 (N.D.N.Y. Sept. 23, 2015)("an abrupt cataclysmic occurrence, in and of itself, is insufficient to operate as an exception to the economic loss rule.").[1]

The Vermont Supreme Court has not yet ruled on this issue.[2] In discussing East River over twenty years ago, it noted: "Much of the reasoning in the cases employing a risk-of-harm analysis is persuasive, and we leave open the possibility that under certain circumstances we may allow recovery for damages resulting from physical harm only to the defective product itself." Paquette v. Deere & Co., 168 Vt. 258, 263 (1998). It has also stated that the "great weight of authority does not yet permit tort recovery . . . in the

---

[1] At least one court has concluded that even if the "calamitous event" exception is applied, it still bars claims for damage to the property itself. Progressive N. Ins. Co. of Illinois v. Ford Motor Co., 259 F. Supp. 3d 887, 892 (S.D. Ill. 2017) ("Illinois law is well-settled that the sudden or dangerous occurrence exception only applies when a plaintiff incurs either personal injury or damages to property *other than the defective product itself.")*(emphasis in original).

[2] This is not surprising. "The economic loss rule continues to develop and evolve in the construction industry and is the subject of considerable litigation and legislation." 14 Bus. & Com. Litig. in Fed. Cts. § 145:46 (4th ed.)(Westlaw Nov. 2019).

absence of physical injury to a person *or dramatic incident such as accident, collapse or explosion*." Long Trail House Condo. Ass'n v. Engelberth Const., Inc., 2012 VT 80, ¶ 29, 192 Vt. 322 )(emphasis added)*, quoting* Crowell Corp. v. Topkis Const. Co., 280 A.2d 730, 732 (Del. Super. Ct. 1971).

The court concludes that although there are different views on this issue, the U.S. Supreme Court's bright line rule in East River makes the most sense. A legal distinction between shoddy workmanship that causes a building to fail slowly and that which causes an abrupt failure is hard to justify. Both have to do with the same relationship between the parties, and both involve the same failure to properly construct the building. Thus, the court sees no logical basis for allowing one sort of claim but disallowing the other. The court therefore agrees with Fairbanks that USAA's claim for damages to the building itself cannot proceed.

USAA argues, however, that there was also damage to personal property within the home. While the complaint does not so state—USAA's claim that it did requires a tortured reading of its pleading—the facts in its response to the movant's statement of material facts are what matters here. USAA states there, with record support, that property within the home was also damaged by the fire—for example, a grand piano and books. Both parties agree that claims for damage to such "other property" are not barred by the economic loss doctrine. *See* Cincinnati Ins. Co. v. S. Vermont Sprinkler Servs., Inc., No. 5:17-CV-254, 2019 WL 5698930, at *4 (D. Vt. July 10, 2019)("The bar on claims for 'contractor's negligence' does not bar tort claims when the claim is that negligent work damaged *other* property which was not the subject of the parties' contract.")(emphasis in original); Wade v. Tiffin Motorhomes, Inc., 686 F. Supp. 2d 174, 189 (N.D.N.Y. 2009)(economic loss rule barred claim for fire damage to motor home, but not to damaged contents).

4

USAA seems to suggest that if other property is damaged, the entire economic loss doctrine is inapplicable. The court disagrees. Instead, it means that only the claim for the other property may proceed. *See, e.g.*, <u>Secura Ins.</u>, 933 N.W.2d at 167 (finding no cases adopting the "argument that a consequence of physical harm to other property is recovery in tort for the damage to, or loss in value of, the defective product itself."); <u>Murray v. Ford</u>, 97 S.W 3d 888, 893 (Texas App. 2003)(damage to "other property" does not "transform a contract claim for damage to the product itself into a tort claim.").

<u>Order</u>

Fairbanks' motion for summary judgment is granted in part and denied in part. The negligence claim for fire damage to the building cannot proceed, but the claim for damage to other property damaged by the fire may proceed.

Dated at Burlington this 10th day of February, 2020.

_____
Helen M. Toor
Superior Court Judge

<u>Notifications</u>:
Richard P. Foote (ERN 2919), Attorney for Plaintiff United Service Automobile Assoc.
Andrew C. Boxer (ERN 1018), Attorney for Defendant Laporte Holdings, LLC
Thomas P. Simon (ERN 3778), Attorney for Defendant Chimney Sweep Fireplace Shop,
Gary Michael Burt (ERN 9318), Attorney for Defendant Fairbanks Construction, LLC
Richard J. Windish (ERN 3044), Attorney for Defendant Gristmill Builders, LTD
Rahul Gogineni (ERN 10295), Attorney for party 1 Co-Counsel